UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____X

REVERSE MORTGAGE SOLUTIONS INC.,

                     Plaintiff(s),             Civil Action No.: 2:20-cv-2689

     v.                                 **COMPLAINT AND**
                                        **JURY DEMAND**

ROSICKI, ROSICKI & ASSOCIATES, P.C.,

                     Defendant(s).

_____X

       Plaintiff Reverse Mortgage Solutions Inc., by its attorneys, Miller Leiby & Associates, P.C., hereby demands judgment against the defendant and in support thereof states as follows:

## PARTIES

       1.     Plaintiff, Reverse Mortgage Solutions, Inc. ("Plaintiff") is a mortgage servicer with its principal offices located at 14405 Walters Rd., #200, Houston, TX 77014.

       2.     Plaintiff services a reverse mortgage that encumbers real property located at 1412 Herkimer Street, Brooklyn, New York 11233 ("Property")

       3.     Defendant, Rosicki, Rosicki & Associates, P.C., is a professional corporation practicing law with its principal offices located at 998C Old Country Road, #333, Plainview, New York 11803.

       4.     Defendant represented and represents itself as specializing in foreclosure litigation.

       5.     Defendant acted as counsel for Plaintiff with respect to foreclosure proceedings involving the Mortgage.

## JURISDICTION AND VENUE

       6.     Jurisdiction over this action is conferred upon this Court under 28 U.S.C. §1332

because the Plaintiff and defendant are citizens of different states and the amount in controversy exceeds $75,000.00.

7.      Venue is proper in this District under 28 U.S.C. § 1391(b)(1) as defendant's principal place of business is located in this District; and under 28 U.S.C. § 1391(b)(2) as a substantial part of the events or omissions giving rise to the claims occurred in this District.

## **BACKGROUND FACTS**

8.      On or about May 14, 2003, Lilly M. Behlin executed a reverse mortgage on the Property in favor of BNY Mortgage Company LLC in the amount of $280,749.00 ("Mortgage"). The Mortgage was recorded on April 8, 2004.

9.      Also, on or about May 14, 2003, BNY Mortgage Company LLC executed an Assignment of Mortgage to Seattle Mortgage which was recorded on April 8, 2004.

10.     On or about May 11, 2005, Lilly Behlin died intestate leaving two children, Ricardo Behlin and Wendel Adams as fifty (50%) percent owners of the Property.

11.     On or about June 2, 2005, Wendell Adams entered a Mortgage and Sale Agreement with Blue Pen Development to borrow $75,000.00 and used the Property as collateral.  As part of the agreement, Mr. Adams executed a Deed to Blue Pen in the event he defaulted on the loan.  Mr. Adams defaulted on the loan and Blue Pen recorded the Deed in lieu of a foreclosure on December 29, 2006.

***The 2006 Action***

12.     On or about August 18, 2006, the law office of Rosicki, Rosicki & Associates filed a Summons and Complaint on behalf of Seattle Mortgage against Lilly Behlin and others in Supreme Court, Kings County, index no.: 24970/2006 ("2006 Action").  The 2006 Action was subsequently discontinued.

***The 2008 Action***

13.     On or about July 5, 2007, Seattle Mortgage executed an Assignment of Mortgage to Bank of America, N.A.  The Assignment was recorded on July 17, 2007.

14.     On or about May 18, 2008, the law office of Rosicki, Rosicki & Associates filed a Summons and Complaint on behalf of Bank of America, N.A. against Lilly Behlin, Wendell Behlin and others in Supreme Court, Kings County, index no.: 14244/2008 ("2008 Action").

15.     The 2008 action incorrectly named Lilly Behlin personally instead of her estate; incorrectly listed Wendell Behlin instead of Wendell Adams; and did not include Ricardo Behlin.

16.     Although Bank of America, N.A. allegedly served defendants, it did not take any further action to prosecute the 2008 Action, including but not limited to seeking a default judgment against the defendants.  Rosicki, Rosicki & Associates remained counsel of record until a Consent to Change Attorney was filed on August 28, 2018.

***Blue Pen Action***

17.     On August 26, 2009, Blue Pen filed a Summons and Complaint in Supreme Court, Kings County, index no.: 21628/09 against Ricardo Behlin and Wendell Adams seeking to quiet title on the Property.  In an order dated March 1, 2017, the Court vacated a default judgment by Blue Pen against Ricardo Behlin and held that Wendell Adams did not have the right to convey a 100% interest in the Property to Blue Pen because Ricardo Behlin had a 50% ownership interest in the Property.  That case was subsequently marked disposed by the court.

***The 2015 Action***

18.     On or about March 28, 2012, Bank of America, N.A. executed an Assignment of Mortgage to Reverse Mortgage Solutions, Inc.  The Assignment of Mortgage was recorded on February 17, 2015.

19.    On or about February 20, 2015, the law office of Rosicki, Rosicki & Associates filed a foreclosure summons and complaint on behalf of Reverse Mortgage Solutions, Inc. solely against Blue Pen Development Corporation, index no.: 502038/15 ("2015 Action").

20.    On or about March 10, 2015, Defendant Blue Pen Development Corporation filed an Answer to the Complaint.  Subsequently, Ricardo Behlin and 1412 Herkimer Realty Corp.[1] were permitted to intervene in the 2015 Action and the caption was amended to name them as defendants by Order dated September 26, 2017.

21.    On or about June 13, 2018, Rosicki, Rosicki & Associates signed a Consent to Change Attorney transferring the file to Gross Polowy, LLC.

22.     On or about November 29, 2018, Reverse Mortgage Solutions, Inc. filed a motion to consolidate the 2008 Action with the 2015 Action and for summary judgment.

23.     On or about March 8, 2019, Defendants Ricardo Behlin and 1412 Herkimer Realty Corp. filed an affirmation in opposition and a cross-motion for an Order declaring the Mortgage unenforceable, dismissing the 2015 Action as barred by the statute of limitations, dismissing the 2008 Action as abandoned and a de facto discontinuance or in the alternative, tolling interest and fees.

24.    On May 9, 2019, Judge Noach Dear, who presided over the 2015 action only, issued an Order denying both motions.  However, Judge Dear noted that since Lilly Behlin has been deceased since 2005, the 2006 Action and 2008 Action were nullities as to her, and the 2008 Action is possibly a nullity against Wendell Adams too because he was incorrectly named as Wendell Behlin.

---

[1] On June 4, 2015, Ricardo Behlin transferred his 50% interest in the Property to 1412 Herkimer Realty Corp. by Deed.  The Deed was recorded on June 12, 2015.

25.     Judge Dear determined that if there was evidence that Wendell Adams had an interest in the Property when the 2008 Action was filed and the 2008 Action is not deemed a nullity as to him, then the 2008 Action would still be dismissed for failure to timely seek a default judgment.

26.      Judge Dear also noted that the 2008 Action was never prosecuted and may also be dismissed if a motion were made in the 2008 Action.

27.     Judge Dear also ruled there was a question of fact as to whether the 2015 Action is barred by the statute of limitations.

28.     Plaintiff has paid Defendant approximately $5,517.53 in legal fees with respect to the 2015 Action.

29.     Due to Defendant's repeated negligence in the prosecution of several foreclosure actions concerning the Mortgage, Plaintiff's ability to foreclose and recover all of its principal, interest and costs has been lost.

30.     One or more of the defendants were not properly named, were not named at all and the 2015 Action is possibly barred by the statute of limitations.

31.     As of June 8, 2020, the market value of the property is approximately $888,381.00.

32.     Further, Plaintiff is owed approximately $450,000.00 which represents the amount of the principal, interest, fees and costs that are owed to Plaintiff in connection with the Mortgage.

33.     Upon information and belief, Plaintiff would have recovered those amounts from a foreclosure sale of the Property but for Defendant's malpractice.

## AS AND FOR A FIRST CAUSE OF ACTION

34.      Plaintiff incorporates the allegations contained in the preceding paragraphs as if set forth at length.

35.      As Plaintiff's counsel of record in the 2008 Foreclosure Action and the 2015 Foreclosure Action, Defendant owed Plaintiff a duty to exercise reasonable professional care and judgment, and to provide reasonable and competent legal advice.

36.      Defendant failed to exercise reasonable care and professional competence in litigating the 2008 Foreclosure Action and the 2015 Foreclosure Action and in rendering legal advice to Plaintiff.

37.      Had such reasonable care and professional competence been exercised, and but for the Defendant's malpractice, the Plaintiff would have prevailed in either the 2008 Foreclosure Action or the 2015 Foreclosure Action; and would have been able to sell the Property at a foreclosure sale and recover all or a substantial portion of the Mortgage Debt.  Instead, as a direct result of the Defendant's malpractice, Plaintiff may be unable to foreclose on the Mortgage and recover any portion or all of the Mortgage Debt.

38.      As a result of Defendant's malpractice, Plaintiff has been damaged in an amount to be determined at trial, but not less than $500,000, together with interest and costs.

39.      The Defendant's malpractice has also rendered valueless the legal fees paid by Plaintiff to Defendant, in the aggregate amount of $5,517.53.

## AS AND FOR A SECOND CAUSE OF ACTION

40.      Plaintiff incorporates the allegations contained in the preceding paragraphs as if set forth at length.

41.     The Defendant agreed to represent Plaintiff in a reasonably competent manner, and its failure to do so constitutes a breach of their contractual obligations to Plaintiff.

42.     As a result of the Defendant's breach of its obligations, Plaintiff has been damaged in an amount to be determined at trial, but not less than $500,000, together with interest and costs.

**WHEREFORE,** Plaintiff demands judgment against Defendant as follows:

a.  On the First and Second Causes of Action against Defendant, damages in an amount to be determined at trial, but not less than $500,000, together with interest and costs;

b.  Together with such other and further relief as to the Court may deem just and proper, including the costs and disbursements of this action.

<u>**JURY DEMAND**</u>

Plaintiff respectfully requests a trial by jury.

Dated: New York, New York
       June 17, 2020

                    **MILLER, LEIBY & ASSOCIATES, P.C.**

                    s/Anthony W. Vaughn, Jr.
                    Anthony W. Vaughn, Jr., Esq.
                    *Attorneys for Plaintiff,*
                    32 Broadway, 13th Floor
                    New York, New York 10004
                    Tel: (212) 227-4200